1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

10
11  IN RE NATCO PHARMA (CANADA), INC.

12          Applicant.

13

14       – to take discovery of –
         JOSEPH J. BUGGY

15
16
17

Case No.: _22_-mc-_80216_

~~[PROPOSED]~~ ORDER RE *EX PARTE*
APPLICATION OF NATCO PHARMA
(CANADA), INC. TO OBTAIN UNITED
STATES SUBPOENA

18          Applicant Natco Pharma (Canada), Inc. filed an *ex parte* application to take discovery

19  pursuant to 28 U.S.C. § 1782.  *See* ECF No. 1.  Section 1782 permits a district court to order a person

20  that "resides or is found" within its district to produce documents or provide testimony for use in a

21  foreign legal proceeding, unless such disclosure would violate any legally applicable privilege.  *And*

22  *see* 28 U.S.C. § 1782(a).  Upon consideration of Applicant's application and the relevant legal

23  authority, the court grants the application.

24                            **PROCEDURAL BACKGROUND**

25          On August 12, 2022, the Federal Court in Canada (the "Canadian Court") requested the

26  assistance of this Court to obtain documents and testimony from Dr. Joseph J. Buggy ("Buggy"), a

27  named inventor for Canadian Patent Nos. 2,800,913; 3,007,787; 3,007,788; and 3,022,256 (the "Use

28  Patents").  *See* ECF No. 1, at 3.  The testimony and documents are sought by Applicant and requested

by the Canadian Court in connection with a lawsuit brought by Pharmacyclics LLC. and Janssen, Inc. against Applicant.  *Id.* at 1; *and see* ECF No. 1-3, Declaration of Dawn Trach, Ex. B).  Specifically, the Canadian Court requests "(1) A current copy of his curriculum vitae; and (2) Any abstracts, posters, presentations, notebooks, memos, and reports, including those kept in electronic form, that are in Your possession, predate June 3, 2011 (the filing date of the Use Patents in Canada) and pertain to the subject matter of the Use Patents, including the rationale for using ibrutinib in treating CLL/SLL, mantle cell lymphoma, marginal zone lymphoma, and Waldenstrom's macroglobulemia." ECF No. 1-3, Trach Decl., Ex. B, at 0003-0004 (listing scope of requested discovery).  The Canadian Court further appoints a Commissioner to conduct the examination of the witness on certain topics for deposition testimony, including (1) his scientific background and education, (2) his employment history with Pharmacyclics LLC, and (3) topics relating to his involvement in and knowledge of the research program at Pharmacyclics LLC regarding the development of IMBRUVICA®.  *Id.*

As reflected in the Letter of Request issued by the Canadian Court, Applicant has sought the witnesses voluntary compliance, but received no response.  *See* ECF No. 1-3, at 0002.  On August 17, 2022, Applicant filed the pending application, including copies of the Letter of Request (ECF No. 1-3) and an Applicant's requested subpoena to Buggy (ECF No. 1-6).  The Application requests this Court grant the application and appoint Jodi Ohnemus as Commissioner and authorize her to obtain the requested information from Buggy.

## ANALYSIS

## I.      LEGAL STANDARD

28 U.S.C. § 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C.A. § 1782 (West).

Litigants participating in a foreign action qualify as an "interested person" under Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 256 ( 2004).  An *ex parte* application is an acceptable method for seeking discovery pursuant to Section 1782.  *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir.1976).

Section 1782 thereby establishes three statutory factors that must be satisfied before a district court may issue a subpoena: (1) the witness must reside within the court's district, (2) the discovery sought must be for use in a foreign proceeding, and (3) the applicant must be an interested party to the foreign proceeding.  28 U.S.C. § 1782 (West).  A district court has additional discretion over whether to grant discovery under Section 1782, and considers the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (2004). This discretion is guided by the "twin aims of the statute, 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts[.]'" *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*., 376 F.3d 79, 83 (2d Cir. 2004); *and see In re Request for Int'l Jud. Assistance From the Nat'l Ct. Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015).

## II.    APPLICATION

Natco's application satisfies the statutory requirements of Section 1782: Buggy resides in or can otherwise be found in Mountain View, California or within the San Francisco Bay Area, which is

in this District; the requested discovery is for use in two Canadian proceedings brought by Pharmacyclics LLC. and Janssen, Inc., which is a proceeding before a foreign tribunal; and the request was issued by the Federal Court in Canada.  Applicant is a party to those proceedings, and is therefore an interested party.  The instant *ex parte* application is an acceptable method of requesting this discovery under Section 1782.  *And see In re Letters Rogatory*, 539 F.2d at 1219 ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte.")

The court finds good cause to exercise its discretion to grant the application.  The witness is not a party to the Canadian Action, nor is he employed by a party, such that the discovery cannot be sought through other means.  Further, the Canadian Court's issuance of a letter of request confirms that it is receptive to this Court's assistance and that the instant application is not an attempt to circumvent any restrictions on evidence imposed under Canadian law.  Nor does it appear that the discovery sought is unduly intrusive or burdensome, and to the extent the witness disagrees, he may raise the issue after being served by the issuing subpoena.

## CONCLUSION

Based on the foregoing, the court grants the application and appoints Jodi Ohnemus as Commissioner, and further authorizes her to obtain the requested testimony and documents from Buggy consistent with the instructions issued by the Canadian Court.  *And see* ECF No. 1-4 (Commission), at 0003-0005.  The Applicant may complete and serve a subpoena in the form as attached as Exhibit D to the Declaration of Dawn Trach (ECF No. 1-5), and is further authorized to amend and reissue said subpoena if needed to reflect alternate dates for compliance based on the availability of the Commissioner, counsel for the parties, and the witness.

SO ORDERED.

Dated:  _August 24, 2022_ _____

_Beth Labson Freeman_ _____
United States District Judge